## Harmer v. Horsham Hospital, Inc.

*James E. Beasley,* for plaintiff.

*Richard L. Goerwitz, Jr.* and *John F. Hunt,* for defendants.

FRANKSTON, *Administrator,* August 15, 1980 —On June 25, 1980 an arbitration panel made determinations as to liability and awarded damages in this action pursuant to section 508(9) of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. § 1301.508(9). The panel awarded $126,083.46 in favor of plaintiff and against defendant Horsham Hospital, Inc. Co-defendant Robert W. Kalish, M.D. was not found to be liable.

On July 24, 1980 plaintiff filed a motion for award of damages for delay pursuant to Pa.R.C.P. 238. Defendant Horsham Hospital, Inc. filed an answer to plaintiff's motion for award of damages for delay on August 7, 1980. The parties waived their rights to oral argument by not filing a timely request for oral argument pursuant to 37 Pa. Code § 171.43.

Defendant hospital contends that only the arbitration panel has the power to award damages for delay. We agree. Pursuant to section 508(9) of the act, 40 P.S. § 1301.508(9), the arbitration panel has authority to award damages. Plaintiff has failed to show that comparable authority has been granted to the administrator and we find no basis or reason for such power to lie with the administrator.

Pa.R.C.P. 238 provides in part that:

"(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination

thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S §1301.101 et seq., shall

"(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

"(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision."

The rule prescribes that the arbitrators appointed under the act shall award damages for delay. There is no provision permitting the administrator to award damages for delay.

Plaintiff has not indicated that she was prevented from presenting her request for damages for delay to the arbitrators. For example, the parties could place their positions on settlement in sealed envelopes not to be opened by the arbitrators until after they have independently decided the case. The envelopes could then be opened and the results compared to see if damages for delay must be awarded. See 1 Goodrich-Amram 2d, §238:1.

Defendant hospital also contends that the arbitrators are presumed already to have computed damages for delay and included them in their final award pursuant to Pa.R.C.P. 238. Inasmuch as we have determined that the administrator is without authority to award damages for delay, we need not address this issue.

Accordingly, we enter the following

## ORDER

And now, August 15, 1980, upon consideration of plaintiff's motion for award of damages for delay, filed July 24, 1980, and the answer of defendant hospital, filed August 7, 1980, it is hereby ordered and decreed that the motion is denied for the reasons set forth in the above opinion. We are of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.